# UNITED STATES DISTRICT COURT

for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
The Body of Xavier Augstine GARCIA; Year of birth 1996

Case No. MR 25-510

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A (incorporated by reference).

located in the ______________ District of New Mexico, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 924(c) | Possession of a firearm in furtherance to a drug trafficking crime. |

The application is based on these facts:
Please see the attached affidavit of DEA Special Agent Emmett Fritz, which is incorporated by reference and has been reviewed and approved by AUSA Jaymie Roybal.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: ___________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Emmett Fritz, Special Agent
*Printed name and title*

Electronically signed and telephonically sworn.

Date: 3/21/2025

[signature]
*Judge's signature*

City and state: Albuquerque, New Mexico

Jennifer M. Rozzoni, United States Magistrate Judge
*Printed name and title*

Print | Save As... | Attach | Reset

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN THE MATTER OF THE SEARCH OF:

The Person of Xavier Agustin GARCIA
(YOB 1996) Case No. ________________

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

1. I, Emmett Fritz, Special Agent of the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state:

**INTRODUCTION AND AGENT BACKGROUND**

2. I am a Special Agent with the DEA and have been since January 2019. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request arrest and search warrants. Furthermore, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516. I am further authorized to make seizures of property as specified by 21 U.S.C. § 878(a)(4).

3. Prior to becoming a Special Agent, I was a police officer with the Albuquerque Police Department ("APD") for approximately 3 years, where I served in the Field Services Bureau division. I graduated from the DEA Training Academy in Quantico, Virginia, after receiving approximately 16 weeks of specialized narcotics-related training. While at the DEA Training Academy, I became familiar with how controlled substances are consumed, manufactured, packaged, marketed, and distributed. I also am familiar with firearms and how they are used by drug traffickers and other criminals.

4. My experience as a Special Agent includes, but is not limited to: investigating violations of the federal drug and firearm laws, including the possession and use of firearms as tools of the drug trade. I have also spoken with other law enforcement officers with expertise and experience in these areas.

5. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE INDIVIDUAL TO BE SEARCHED

6. The individual to be searched is Xavier Agustin Garcia ("GARCIA"), YOB 1996. He is further described as a Hispanic male who is approximately 5 feet 10 inches tall, weighs approximately 160 pounds, has brown eyes and brown hair.

7. This warrant would authorize buccal swabs from GARCIA by way of oral swabs, which will be forwarded to a law enforcement forensic laboratory for DNA analysis and comparison. Based on the following information, I believe there is cause to believe that GARCIA violated 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime).

8. GARCIA is presently in custody at the Metropolitan Detention Center ("MDC") pending extradition to Arizona for an outstanding felony warrant for trafficking a controlled substance as well as newly charged drug trafficking charges in Albuquerque, New Mexico.

## SUMMARY OF PROBABLE CAUSE

9. On February 14, 2025, APD Officer Coronado and Officer Thayar were on proactive patrol in the area of the Red Roof Inn located at 2015 Menual Blvd. Northeast, Albuquerque, New Mexico, due to this area's high crime rates. At this time, Officer Coronado and

Officer Thayar located a grey Scion sedan displaying a New Mexico license plate of BZGA32. When Officer Coronado and Officer Thayar conducted an MVD check of this license plate, it indicated that the vehicle was registered to Merena Miah Perez ("PEREZ"). Officer Coronado and Officer Thayar then conducted a warrant check for PEREZ and found that she had an outstanding felony warrant in the State of New Mexico's Second Judicial District Court for armed robbery (Case No. D-202-CR-202500287).

10. Based on the vehicle being parked in the motel parking lot, Officer Coronado and Officer Thayar approached the front desk management and asked if PEREZ was staying in a room under her name at this motel. The front desk management indicated that PEREZ was staying in room #221 under her name and that management has witnessed foot traffic in and out of that room. Based on the Officer Coronado's and Thayar's training and experience, increased foot traffic from a motel room can be indicative of drug trafficking activity.

11. At this time, officers approached room #221 and knocked on the door. A male, later identified as GARCIA, answered the door. Once GARCIA answered the door, Officer Coronado and Officer Thayar asked GARCIA if PEREZ was presently inside of the motel room. GARCIA indicated that she was, so at this time officers told GARCIA to exit the room so they could safely arrest PEREZ on her outstanding felony warrant. Officer Coronado and Officer Thayar observed PEREZ emerge from the back of the motel room and began to make entry into the motel room to apprehend PEREZ. At this time, GARCIA attempted to shut the door on Officer Coronado and Officer Thayar but officers were able to keep the door open and get GARCIA outside. Once inside room #221 in order to arrest PEREZ, officers observed in plain view a firearm on the bed. At this point Officer Coronado and Officer Thayar told GARCIA that he was not free to leave and was being detained. Once GARCIA was out of the room, Officer Coronado and Officer Thayar

attempted to place GARCIA into handcuffs to detain him, but before officers could do so, GARCIA took off running to escape law enforcement. A foot pursuit ensued, and after a short pursuit GARCIA was later apprehended. Other Officers on scene conducted a search for arrest warrants for GARCIA and found that GARCIA had a felony extraditable warrant out of Arizona for drug trafficking (Case No. S-0300-CR-202100127). At this time, based on this, officers arrested GARCIA and performed a search incident to arrest. Officers on scene of GARCIA's arrest found inside of his pants pocket a large amount of United States Currency, approximately $11,000.00, consisting of various denominations. Based on my training and experience, I know that large sums of United States Currency consisting of various denominations is consisted with drug proceeds.

12. Back at the motel room, PEREZ was detained, and in plain view Officer Coronado and Officer Thayar observed several large zip-loc style bags containing white powder, and suspected fentanyl pills. At this time, officers backed out of the motel room and contacted the APD Narcotics Team, which I assist with on regular occasions. APD Officer R. Calabaza responded to the scene first to assist Officer Coronado and Officer Thayar in securing a state search warrant for the motel room.

13. The motel room was sealed off pending the issuance of a state search warrant, which was authored by Officer Calabaza and approved by the state court. Once this warrant was approved, officers conducted a search of the motel room. In total, officers on scene, to include Officer Calabaza, located inside the motel room:

14. Approximately 6,142 gross grams of fentanyl;

15. 522 gross grams of heroin;

16. 2,344 gross grams of cocaine;

17. Four firearms; and

18. Approximately $47,127.00 of United States Currency.

19. Based on my training and experience, the seized items are consistent with trafficking largescale narcotics. Further based on my training and experience, I know that firearms are considered "tools of the trade" and are often associated with largescale narcotics trafficking operations.

20. Additionally, GARCIA and PEREZ's information was shared with me, and I conducted a law enforcement DEA database check on GARCIA and PEREZ. I recalled that in October of 2024, APD Narcotic Detective M. Kelly, acting in an undercover capacity, purchased fentanyl powder and 1,000 fentanyl pills from GARCIA on two separate transactions. I was presented for these transactions with the undercover detective. Detective Kelly authored a state arrest warrant for GARCIA on February 19, 2025, based on the undercover buys in October 2024. This warrant has been approved and state charges are pending against GARCIA. Furthermore, through the DEA law enforcement databases checks, I found that PEREZ was associated to a past DEA case in 2022 where she was arrested for trafficking a controlled substance. These charges were eventually dismissed.

21. Based on mine and Officer Calabazas, Officer Coronados and Officer Thayars ,training and experience, this amount of fentanyl pills is consistent with trafficking amounts and not user amounts. Also based on my training and experience, approximate $47,127.00 in USD is consistent with drug proceeds from the illegal activity of drug trafficking.

22. Based on the aforementioned information, I believe GARCIA exercised demonstrable control of, and had access to, the firearms, inside of the motel room. As such, I am seeking authorization to collect DNA samples from GARCIA to be utilized in the examination of

the evidence collected in this matter, specifically to compare with any DNA that is found on the firearms and other physical evidence collected.

23. I swear that this information is true and correct to the best of my knowledge.

24. This Affidavit was reviewed and approved by Assistant United States Attorney Jaymie L. Roybal.

Respectfully submitted,

Emmett Fritz, DEA Special Agent
U.S. Drug Enforcement Administration
Albuquerque District Office

Subscribed and sworn to telephonically and submitted electronically on March 21 , 2025

JENNIFER M. ROZZONI
United States Magistrate Judge

**ATTACHMENT A**

**PERSON TO BE SEARCHED:**

The Body of Xavier Agustine GARCIA (YOB 1996)
GARCIA is currently in custody at the Metropolitan Detention Center.





## ATTACHMENT B

**ITEMS TO BE SEIZED**:

Agents will collect DNA of GARCIA by way of buccal swabs.